JULIA E. WETMORE

v.

LANSING ZABRISKIE and others.

Upon good reasons shown, a mixed trust estate is partible in equity.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. R. Gilchrist*, for complainant.

*Mr. A. Zabriskie*, for the trustees.

THE CHANCELLOR.

John Tonnele, deceased, late of Hudson county, by his will, gave to his wife for life (provided she remained his widow), certain real and personal property, with provision for the substitution of an annuity for such use in case of her remarriage. He also gave to her certain other personal property for life. He devised to her the use of his homestead property for life, provided she remained his widow, and, in the event of her death or remarriage, gave part of it to his son for life, with remainder to his son's lawful issue, and provided that if his son should leave no lawful issue living at his death, the part so given to his son for life should go to the testator's daughters equally, the issue of any one that may have died to take what would have been the share of such daughter if she had been then living. He

devised the rest of the homestead property, after the death or remarriage of his wife, to his daughters in equal shares for life, with remainder to their respective issue, with provision that the issue of any one that should have died should take the share of the mother, and that if any of his daughters should die without issue living at the time of her death, her share should go to the other daughters and the issue of such as might be dead, the issue taking the share of such deceased daughter. He gave the residue of his property, real and personal, including that in which he had given to his wife an estate for life or during widowhood, to his eight children, to be equally divided between them in such manner that each child should receive only the net rents, income and profits of his or her share during life, at the death of each child his or her share to go to and vest in his or her lawful issue, and in default of such issue living at his or her death, to the testator's other children and their issue in the same manner as the share of each child was therein given and limited, the children of any deceased child to take the parent's share.

In order more fully to carry out the objects of his will he thereby appointed his executors trustees of all property, estates, or interests therein given to any of his children, or that any of his children might be entitled to by virtue of any provision of his will during the life of such child (excepting the above-mentioned life estate of his son in part of the homestead property), with full power to retain all such property in their hands unsold and undivided until after the year 1867. And he thereby authorized his executors to sell and convey all or any part of his real estate, and all real estate that might be purchased by them, and to invest his personal estate and the proceeds of the sale of such real estate at interest, on bond and mortgage of real estate, or in government or state stocks, or to lay them out in the improvement of his real estate, or in the purchase of other real estate and the improvement thereof, as might seem most for the interest and advantage of his

children, and for the improvement of his estate, and to change such investments as they should judge best from time to time. He then directed the trustees to pay over to each of his children, during his or her natural life, the net income of that part or proportion of his estate given to such child, after deducting therefrom all taxes, assessments, commissions, and other annual expenses and charges, the income of each of his daughters to be paid to her upon her own receipt, for her separate use, free from the control of her husband, and that of his son to be paid to him on his own receipt, for his own use, and not to any assignee or mortgagee thereof.

The testator appointed his wife and Messrs. Robert Gilchrist and Abraham O. Zabriskie executors. They are all dead. Mr. Zabriskie was the last survivor. Messrs. Lansing and Augustus Zabriskie are his executors, and the personal estate and the proceeds of the sale of so much of the real estate as has been sold (it has all been sold, except some building lots and a tract of salt meadow,) are in their hands, and they also hold the title to certain parcels of real estate purchased by them on sales under foreclosure of mortgages belonging to the trust estate. The homestead property was sold for $50,000, and it was considered that the proportion of the part which was devised to the son of the testator for life, was $24,000. The rest, of course, was regarded as having been sold for $26,000. After the testator's death, and before the sale of that property, two of the testator's daughters died. Neither of them was ever married. They both died intestate. The share of the one who died first, in the $26,000, was credited to her sisters, and the income regularly paid to them. At the death of the other, all of her share, except one-sixth, was in like manner credited to her surviving sisters, in equal shares, and that sixth was divided among the surviving brother and sisters of the deceased, in equal shares, it being her share of her deceased sister's portion, and not being, in her hands, subject to the limitations of the will. Part of the estate is now held by

Lansing Zabriskie, as trustee, and part by him and Augustus Zabriskie. The unsold real estate of the testator is held in trust by Lansing Zabriskie as heir at common law of the last survivor of the trustees appointed by the will, and the rest of the estate is held by him and Augustus Zabriskie, as trustees, by virtue of their executorship of the will of the last surviving trustee.

The bill prays a partition of the trust estate, to the end that the share of each of the children may be held in trust in severalty for him or her, and the answer of the testator's son, and of one of the daughters, joins in the prayer. The question of the divisibility of the trust entered, to a certain extent, into the consideration of the question which was passed upon in the case of *Wetmore* v. *Zabriskie's ex'rs,* 11 *C. E. Gr.* 18, but the decision did not depend upon it, and the decree was, in fact, made expressly without prejudice to a suit for partition of the trust estate. The situation of the estate was not then before the court as it is now. It now appears that part of the estate is in the hands of one trustee, and the rest in the hands of that trustee and another; and that a question has arisen as to the power of the trustee of the unsold real estate of the testator to execute the power of sale given by the will in reference to that property. It is evident that the trust estate may be readily partitioned. The testator, indeed, does not appear to have contemplated a division, and, in fact, he does not seem to have taken into his consideration even the possibility of the death of all the trustees in the life-time of his children, but I am of opinion that, under the circumstances, a partition may be properly made so that there may be separate management of any share or shares. No prejudice will arise to the estate from the partition. The devolution of the shares in different parts of the fund is different, and, therefore, there should be identification and separation of those parts.

The real and personal property devised and bequeathed by the fifth (the residuary clause of the will), and which now

consists of the bank and railroad stock, and the proceeds of the sale of the personal and real property which passed by that clause, which proceeds are now invested in bonds and mortgages; the real estate of the testator remaining unsold, and the real estate purchased under foreclosure, belong to the six surviving children of the testator, in equal shares, for life, with remainder to their respective issue; and in case of the death of any of them without issue, the share of the one so dying will go to the surviving brother and sisters, or sur-viving sisters, as the case may be, for life, with remainder to their issue; the issue of the deceased brother, or of any deceased sister, to take the parent's share.

The proceeds ($24,000) of the sale of the part of the homestead given to the testator's son for life, is, after his death, to go to his issue, and in case he dies without issue, is to go to the testator's daughters, in equal shares; the issue of any of them who may have then died to take the share of the decedent. The proceeds of the sale of the other part of the homestead property remaining after deducting the shares of the two daughters who have died, goes to the surviving daughters of the testator for life, in equal shares, with remainder to their respective issue; the issue of any dying to take the share the parent would have taken if living, and if any of the daughters die without issue living at the time of her death, her share is to go to the surviving daughters and the issue of any that may be dead; the issue to take the parent's share. The shares of the deceased daughters (except so much of the share of the one who first died as went to her now deceased sister, by the limitation of the will in that behalf,) go to the surviving sisters in equal shares, and are to be held in trust for them for life, under the provisions of the seventh and eighth sections of the will. They are to be held in trust, because, by the seventh section, the testator constitutes his executors trustees of all property, estate or interests in the will given or devised to any of his children, or that any of his children may be entitled to by virtue of any provision in the will, during the life of such

On petition of the receivers of N. J. & N. Y. Railway Co.

child, except the life estate in the mansion-house devised to his son; and by the eighth, he orders and directs his executors to pay over to each of his children, during his or her natural life, the net income of that part or proportion of his estate in the will given or devised to such child, after deducting therefrom all taxes, assessments, commissions and other annual expenses and charges; the income of each of his daughters to be paid to her upon her own receipt, for her separate use, free from the control of her husband, and that of his son to be paid to him on his own receipt, for his own use, and not to any assignee or mortgagee thereof. The shares, therefore, of his two daughters, with the exception before mentioned are, inasmuch as they are property or interests to which the surviving daughters are entitled by virtue of a provision of the will, to be held in trust for them for life. There is no limitation over as to them. The executors of Abraham O. Zabriskie will come to an account of the estate in their hands, and Lansing Zabriskie will account for the trust property received by him by descent, and when their accounts shall have been passed, and they shall have transferred the trust estate according to the order of this court, they will be discharged.

If the Messrs. Zabriskie continue to act as trustees of the whole or any part of the trust, it should be by appointment of this court, in order that there may be no question as to the power to sell the land of the testator.